327 P.2d 802

W. W. THIGPEN, Plaintiff-Appellee,

v.

SKOUSEN & HISE, a co-partnership composed of W. J. Skousen and E. R. Hise, Defendants-Appellants.

No. 6390.

Supreme Court of New Mexico.

July 9, 1958.

———◆———

Modrall, Seymour, Sperling, Roehl & Harris, Botts, Botts & Mauney, Albuquerque, for appellants.

Chavez, Cowper & Martinez, Belen, for appellee.

SADLER, Justice.

We are called upon to decide the liability of a highway contractor conducting blasting operations with dynamite in the vicinity of a certain building and residence property of plaintiff in the town of Grants in Valencia County, New Mexico, in damages resulting both from rock, dirt and debris cast upon the buildings as a result of the detonations and, as well, from the concussion and vibrations suffered by the buildings as a result of the explosions.

The cause was tried by a jury in Valencia County on an amended complaint and answer. The plaintiff (appellee here) prayed judgment in the sum of $6,600 as damages for rocks and other debris thrown onto and against the buildings in his first cause of action. In his second cause of action, he asked damages in the sum of $8,000 for damages to the foundation, walls and structure of said buildings from the concussion and vibrations caused by the explosions.

Following trial the jury returned into court verdicts in favor of plaintiff for $1,165.75 on the first cause of action and $4,000 on the second cause of action. Accordingly, judgment was entered for plaintiff and against the defendants in the sum of $5,165.75 for the revision and correction of which the defendants have prosecuted this appeal. Points I and II may very well be treated together since each relates to claimed error in the giving of certain instructions, Nos. 6 and 7. These instructions read, as follows:

"No. 6. It is the uncontradicted evidence in this case that as a direct and proximate result of the blasting activities on the part of Defendant fragments and debris were thrown upon and against the building owned by plaintiff, thereby causing damage to the building and the contents. You will therefore find the issues in favor of the Plaintiff and against the Defendant with respect to the damage caused by such fragments and debris and assess damages in favor of the Plaintiff to the extent of the actual damage suffered by him as a result of such fragments and debris striking his building or its contents.

"No. 7. If you find from a preponderance of the evidence that the

blasting activities of the Defendant caused shock waves which passed through or under the Plaintiff's building, and if you further find that such shock waves either did direct damage to the building, or that they altered the structure of the underlying subsoil so that the building settled with resulting damage, or that damage resulted to the building from a combination of such causes, then you will find the issues in favor of the Plaintiff and against the Defendant with respect to Plaintiff's claim of damage to his building, and you will assess damages in favor of the Plaintiff to the extent of the actual damage done to his building as a result of such shock waves."

It will be observed from a reading of these instructions that, in effect, the defendants are to be held liable to plaintiff on each cause of action within the amount claimed, if the jury find the damage to his buildings was a direct result of the blasting operations of the defendants. The defendants through their counsel requested the court to instruct the jury, as follows:

"No. 1. You are instructed that in cases such as this involving blasting, wherein a dangerous substance is involved, the ordinary law of negligence is applicable to any injury or damage which is incurred and which is proximately caused by the acts of the person who uses the explosive charge.

In deciding the issues of this case, you will apply the principles of negligence which the Court shall hereafter give you.

"No. 2. You are instructed that in cases of this kind involving the use of explosives and blasting, if the damage is caused by the casting of debris or material from the blast upon the premises of another such as the plaintiff in this case, the Defendant is liable without regard to his negligence, for all damages and injuries which are proximately caused by the explosive charge. However, as to those damages which are the result of a concussion causing great disturbance, jarring and vibration of the earth or air, in order for the Plaintiff to recover, he must show to your satisfaction by a preponderance of the evidence that the blasting work was performed in a negligent manner and that the negligence was the proximate cause of the damage."

Thus it is that the court was asked to instruct the jury according to the plaintiff's theory of liability. It is equally obvious that as to each cause of action the jury was told the defendants were liable to plaintiff, irrespective of negligence, if the plaintiff's damage resulted proximately from the defendant's blasting operations, leaving the jury only the question of damages to determine. In other words, the court treated defendants as subject to

strict liability if the damages resulted from their blasting. The plaintiff is supported in the position he takes by the great weight of authority. In 22 Am.Jur., 179–180, §§ 53 and 54, the text states:

"§ 53. Trespass—Rocks and Debris. —The decided weight of authority supports the view that where one explodes blasts on his own land and thereby throws rock, earth, or debris on the premises of his neighbor, he commits a trespass and is answerable for the damage caused, irrespective of whether the blasting is negligently done. This rule is not restricted to liability for injury to the land or improvements of an adjoining owner. Since the safety of persons is more sacred than the safety of property, the liability extends to injuries inflicted upon persons lawfully upon premises in the vicinity or upon travelers upon a public highway. Hence, one who explodes a blast upon his own land and thereby causes a piece of the blasted substance to fall upon a person lawfully traveling in a public highway is liable as a trespasser for the injury thus inflicted, although the blast is fired for a lawful purpose and without negligence or want of skill. Where, by law or contract, the person doing the blasting has acquired an easement as against the plaintiff's premises which expressly or impliedly authorizes the operation

of blasting, either directly or as a reasonably necessary incident to some other lawful purpose, liability arises only as the result of some proximate negligence.

"§ 54. Concussion or Vibration.— There is a conflict of authority as to whether one who, by blasting with powerful explosives, produces severe concussions or vibrations in surrounding earth and air and so materially damages buildings belonging to others is liable, irrespective of negligence on his part. According to one theory, since recovery is permitted for damage done by stones or dirt thrown upon one's premises by the force of an explosion upon adjoining premises, there is no valid reason why recovery should not be permitted for damage resulting to the same property from a concussion or vibration sent through the earth or the air by the same explosion. There is really as much a physical invasion of the property in one case as there is in the other; and the fact that the explosion causes stones or other debris to be thrown upon the land in one case, and in the other only operates by vibrations or concussions through the earth and air, is held to be immaterial. The contrary rule which prevails in some jurisdictions is not based solely on the ground that there is in such case no technical trespass and that the injuries

are consequential. Decisions adopting this rule are founded on the views of some courts as to the requirements of public policy. According to this rule, if one in blasting upon his own lands invades the premises of his neighbor, by throwing stones and debris thereon, he is liable for the resulting injury; but for any other injury, such as may result from the mere concussion of the atmosphere, sound, or otherwise, there is no liability, unless it is shown that the work was done negligently, and that the injury was the result of negligence, and not the result of blasting according to the usual methods and with reasonable care. * * *."

The doctrine stems from an early English case, Rylands v. Fletcher, L.R. 3 H.L. 330, frequently given as the case launching the old doctrine, *sic utere tuo ut alienum non laedas*. Restatement of the Law of Torts, §§ 519 and 520, deals with ultrahazardous activities, of which blasting is one, as follows:

"§ 519. Except as stated in §§ 521–4 (not here pertinent) one who carries on an ultrahazardous activity is liable to another whose person, land or chattels the actor should recognize as likely to be harmed by the unpreventable miscarriage of the activity for harm resulting thereto from that which makes the activity ultrahazardous, although the utmost care is exercised to prevent the harm.

"§ 520. An activity is ultrahazardous if it (a) necessarily involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by the exercise of utmost care, and

"(b) is not a matter of common usage

"(c) * * * Blasting is ultrahazardous because high explosives are used and it is impossible to predict with certainty the extent or severity of its consequences."

There is a well recognized distinction in some of the explosion cases between damage from rocks and debris thrown on a building, in which recovery is allowed, irrespective of negligence, and damage caused by concussion or shock waves, as to which recovery must rest upon fault. Touching this distinction, Prosser on Torts makes some rather caustic remarks while discussing it. Indeed, a very illuminating treatment of the whole subject of strict liability, especially as applied in the American cases, will be found in the 1955 Edition of Prosser on Torts, pp. 331 to 338. Among other things, the author states:

"Actually even the jurisdictions which reject Rylands v. Fletcher by name have accepted and applied the

principle of the case under the cloak of various other theories. The courts are unanimous in holding that blasting, which is certainly the typical activity of this kind, results in strict liability without proof of negligence when rocks are thrown upon the plaintiff's land, so that a 'trespass' may be found, or where they strike his person. Where the damage is the result merely of concussion or vibration, some seven or eight courts continue to adhere to the ancient distinction between trespass and case, and regard the injury as an 'indirect' one, for which there can be no recovery except on the basis of negligence. *This distinction, which has often been denounced as a marriage of procedural technicality with scientific ignorance, is rejected by the great majority of the courts, which hold the defendant strictly liable for concussion damage.* Many of the later cases have come to the conclusion that this strict liability is entirely a question of when and how, and that the use of explosives on an uninhabited mountainside is a matter of negligence only, but that any one who blasts in the center of a large city does so at his peril.

\* \* \* \* \* \*

" \* \* \* There is in fact no case applying Rylands v. Fletcher which is not duplicated in all essential respects by some American decision which proceeds on the theory of nuisance; and it is quite evident that under that name the principle is in reality universally accepted." (Emphasis added.)

■ Unquestionably, the recognized weight of authority, and sound reason, as well, support the proposition that strict liability results, and should be imposed, whether the damage to a neighbor's property be caused by stones, dirt and other debris cast on his buildings and land, or results from vibrations and concussions due to the explosion. It is a distinction without a difference to classify the former injury as resulting from an invasion of one's property—a trespass—and deny character to the other, as being of the same kind. In either case, it is energy projected onto and into a neighbor's property and to call one a trespass, subject to strict liability, and the other not, is to juggle with the meaning of words. See Exner v. Sherman Power Construction Co., 2 Cir., 54 F.2d 510, 80 A.L.R. 686; Garden of the Gods Village, Inc., v. Hellman, 133 Colo. 286, 294 P.2d 597; Whitman Hotel Corp. v. Elliott & Watrous Engineering Co., 137 Conn. 562, 79 A.2d 591, and Annotations in 92 A.L.R. 741 and 26 A.L.R.2d 1372.

In the Exner case, supra, [54 F.2d 513] Circuit Judge Augustus N. Hand, writing for the United States Circuit Court of Ap-

peals of the Second Circuit, summed up the matter in these persuasive words, to-wit:

"It is true that some courts have distinguished between liability for a common-law trespass, occasioned by blasting, which projects rocks or debris upon the property or the person of the plaintiff, and liability for so-called consequential damages arising from concussion, and have denied liability for the latter where the blasting itself was conducted at a lawful time and place and with due care. (Citations omitted.) Yet in every practical sense there can be no difference between a blasting which projects rocks in such a way as to injure persons or property and a blasting which, by creating a sudden vacuum, shatters buildings or knocks down people. In each case, a force is applied by means of an element likely to do serious damage if it explodes. The distinction is based on historical differences between the actions of trespass and case and, in our opinion, is without logical basis. It has been rejected in (citations omitted)."

We could extend our remarks at great length in support of the conclusion reached on this question without affording it needed support. It suffices to say we are well satisfied of its correctness. Indeed, one can not avoid the feeling that this doctrine finds its rationale in the constitutional guaranty that one shall not be stripped of his private property for public gain without just compensation, the doctrine resting in the end upon a premium the members of society pay to remove a roadblock to industrial progress.

Counsel for defendants realized as much, as to damage resulting from rocks and debris thrown on plaintiff's buildings, in the language of their specially requested instruction No. 2, quoted supra. It was only as to the damage from concussions and vibrations following the explosion that they sought to inject the factor of negligence as a condition to recovery. As we think we have demonstrated, the better reasoned decisions, as well as the greater number, oppose them on this proposition.

■ The defendants also feel aggrieved because the trial court failed to submit this case to the jury on the theory of negligence in conformity with the plaintiff's pleadings, as appraised by them. Indeed, their counsel seemed somewhat confused in the beginning as to whether negligence was a factor to be considered as to both causes of action, or only that one, the second, setting up injury to plaintiff's buildings resulting from concussions and vibrations. In their objections to the court's instructions Nos. 6 and 7, counsel for defendants sought to tie plaintiff to the theory of no liability without fault as to a recovery under both the first and

second causes of action, that is, whether the damage was caused by debris thrown on plaintiff's buildings by the blast; or, by vibrations and shock from the concussions.

Whatever their initial views, they finally came around to an admission that the strict liability was appropriate only to damage from rocks and debris, confining negligence as a factor to such damage as resulted from concussions and vibrations. Note their position from defendants' requested instruction No. 2, quoted supra, which the court refused.

We think the court could not have been in doubt as to the plaintiff's position, after the following remarks from one of his counsel in resisting defendants' motion to dismiss the second cause of action, to-wit:

"Mr. Cowper: First of all, Your Honor, defendant has stated in the motion that there is no allegation of negligence, which is incorrect. The second cause of action incorporates by reference the allegation contained in paragraph ten and paragraph eleven, first cause of action, as set out in—which sets out res ipsa loquitur and express negligence, that the defendant's foreman, who was in charge of the blasting operations has testified that he didn't examine the underpinning of the building, that he didn't examine the sub-soil, either under the building or at the place of the blasting or anywhere in between. *I think there is quite enough negligence to go to the Jury from that aspect, however, even if there were no negligence, there is substantial on the subject that where blasting occurs there is a physical invasion of the property constituting an overt trespass, that the trespass carries over and is accountable even for the shock waves and resultant injury. That is our position.*" (Emphasis ours.)

Furthermore, if following counsel's remarks, counsel for defendants were surprised in any way by the presence of allegations of negligence in Count No. 2, they might have asked the court to compel plaintiff to elect on which theory he would proceed, or for delay if they felt prejudiced by the presence of such allegations in the complaint. No such motion was made, nor is there any claim even now that the defendants were prejudiced. We see no error. Compare, Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962, and Williams v. Kemp, 33 N.M. 593, 273 P. 12.

The defendants also complain of the forms of verdict submitted to the jury. They were, as follows:

"The First: 'We, the Jury, find the issues in favor of the plaintiff and assess his damages in the sum of

$———', you to fill in the amount you find the plaintiff's damages to be. (If you find for the plaintiff, you could not in any event, in the first cause of action, award him more than the amount sued for, to-wit: $1,165.-75.)

"The Second: 'We, the jury, find the issues in favor of the plaintiff and assess his damages in the sum of $———', you to fill in the amount that you find the plaintiff's damages to be. (If you find for the plaintiff in the second cause of action you could not in any event award him more than the amount sued for, to-wit: $8,000.-00.)

"The Third: 'We, the Jury, find the issues in favor of the defendant.'"

The jury returned verdicts in favor of the plaintiff for $1,165.75 on the first cause of action and for $4,000 on the second cause of action. When the instructions were being settled, counsel for the plaintiff made an objection touching this matter, as follows:

"Defendants further object and except to the forms of verdict for the reason that there was no form submitted to the jury so that they could find in favor of the defendant on either of the causes of action but were permitted to find for the defendant only on the entire case without regard to the separate causes of action, so that these forms of verdict are incomplete in the form submitted to the jury and would tend to mislead them and leave a portion of the case undecided all to defendants' disadvantage and prejudice."

When it is remembered that there was an instructed verdict in plaintiff's favor as to the first cause of action, save as to the amount of damages and, in effect, the same kind of an instruction as to the second cause of action, any claim of prejudicial error as respects the forms of verdict submitted simply evaporates. Instructions Nos. 5, 6 and 7 read:

"No. 5. In order for the Plaintiff to recover by reason of the ~~negligence~~ acts charged in the complaint, it must appear to you by a preponderance that such ~~negligence was~~ acts were the proximate cause of the injuries suffered by the Plaintiff.

" 'Proximate cause' is defined to be that cause which in the natural and ordinary sequence of events produces the injury complained of and without which it would not have happened.

"No. 6. It is the uncontracted evidence in this case that as a direct and proximate result of blasting activities on the part of Defendant fragments

and debris were thrown upon and against the building owned by Plaintiff, thereby causing damage to the building and the contents. You will therefore find the issues in favor of the Plaintiff and against the Defendant with respect to the damage caused by such fragments and debris and assess damages in favor of the Plaintiff to the extent of the actual damage suffered by him as a result of such fragments and debris striking his building or its contents. ~~but not to exceed $1140.75~~.

"No. 7. If you find from a preponderance of the evidence that the blasting activities of the Defendant caused shock waves which passed through or under the Plaintiff's building, and if you further find that such shock waves either did direct damage to the building, or that they altered the structure of the underlying subsoil so that the building settled with resulting damage, or that damage resulted to the building from a combination of such causes, then you will find the issues in favor of the Plaintiff and against the Defendant with respect to Plaintiff's claim of damage to his building ~~with respect to such shock waves, then~~ and you will assess damages in favor of the Plaintiff to the extent of the actual damage done to his building as a result of such shock waves. ~~but not to exceed $8,000.00~~."

We can see no prejudice to the defendant in the forms of verdict submitted, nor do we think the jury was under any misapprehension or entertained any confusion touching them. This claim of error is without merit.

It may be added that some doubt arose at oral argument as to whether the trial judge ever actually heard defendants' objections to the form of the verdicts dictated into the record out of his presence, before reading his written instructions to the jury. At oral argument, counsel for defendants admitted that following a meeting with the judge at which the views of all counsel on what the instructions should be were discussed, he informed counsel how he would instruct the jury, and stated to counsel they could dictate their objections into the record. This defense counsel proceeded to do out of the presence of the judge, who had left the conference following his announcement.

We must assume in the absence of any showing of record to the contrary that the judge had his reporter read over these objections to him. It would have been highly improper for him to instruct the jury without having done so and the record not affirming otherwise, we must assume that he did.

Finally, the defendants say the evidence was insufficient to support the jury's verdict that the injury to plaintiff's buildings as claimed in the second cause

300

of action was caused by the blasting done by defendants, or that the damage therefrom amounted to $4,000, the amount awarded by the jury's verdict. We have carefully reviewed the evidence as to each of these claims of error and think it affords substantial support for the verdicts rendered.

Finding no error the judgment reviewed must be affirmed.

It will be so ordered.

LUJAN, C. J., and McGHEE, COMPTON, and SHILLINGLAW, JJ., concur.