637 P.2d 1235

**William METZGAR, Plaintiff-Appellant**

v.

**Larry MARTINEZ, Defendant-Appellee.**

**No. 4683.**

Court of Appeals of New Mexico.

Feb. 3, 1981.

David Duhigg, Duhigg & Cronin, Albuquerque, for plaintiff-appellant.

Randal W. Roberts, Farlow, Simone & Roberts, P. A., Albuquerque, for defendant-appellee.

MEMORANDUM OPINION

LOPEZ, Judge.

The trial court granted summary judgment to the defendant, whose negligent driving, according to plaintiff, caused plaintiff's injuries. We reverse.

Plaintiff and Herman Chavez were passengers in a pickup truck driven by defendant on Interstate 25 on August 11, 1978. Defendant had been driving for four or five hours when the accident occurred. At about 1:50 A.M., they were close to Wagon Mound, New Mexico, when defendant lost control of the truck. It veered to the left and then off the road to the right, where it rolled, exploded, and burned. The truck was completely destroyed, but the three occupants survived. Plaintiff's suit arises from injuries suffered in this accident.

Defendant asserts that either a steering defect or a blow out caused the truck to suddenly veer to the left. Herman Chavez, who was sitting in the middle next to the driver, claims in his affidavit that the cause of the accident was that the driver fell asleep. Mr. Chavez states in his deposition, however, that he didn't know if Mr. Martinez, the defendant, was asleep when the accident happened, and that he didn't see him with his eyes closed.

The issue is whether the contradictory testimony of Mr. Chavez is sufficient to defeat summary judgment for the defendant. We believe that it is.

Summary judgment is a drastic remedy to be used with great caution. *Fidelity National Bank v. Tommy L. Goff, Inc.*, 92 N.M. 106, 583 P.2d 470 (1978); *C & H Construction & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979). It is proper if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. N.M.R.Civ.P. 56(c), N.M.S.A. 1978 (Rep.P.1980). The burden is on the movant to show that there is no genuine issue of material fact in dispute. Once the movant has made a prima facie showing that he is

entitled to summary judgment, the burden shifts to the party opposing the motion to show the contrary. *Fidelity National Bank; Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972). All reasonable inferences will be construed in favor of the non-moving party. *Gallegos v. Los Lunas Consolidated Schools Bd. of Ed.*, 95 N.M. 160, 619 P.2d 836 (Ct.App.1980); *Smith v. Klebanoff*, 84 N.M. 50, 499 P.2d 368 (Ct.App.), *cert. denied*, 84 N.M. 37, 499 P.2d 355 (1972); *see, Pharmaseal Laboratories, Inc., v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977). A summary proceeding is not used to decide an issue of fact, but to determine whether one exists. *Id.*

Defendant made a prima facie showing that there was no material fact in dispute by his affidavit that he was awake and that either a blow out or steering failure caused the truck to jerk to the left. The burden then shifted to the plaintiff to show the contrary. Construing all reasonable inferences in favor of plaintiff, we find that he met his burden.

The testimony of Mr. Chavez, who is not a party in this suit, indicates his belief that defendant fell asleep while driving. The conflicts in Mr. Chavez' testimony do not make his testimony nugatory. Summary judgment is improper where a conflict appears in statements made by a witness in his affidavit and in his deposition concerning a material fact. *Griego v. Grieco*, 90 N.M. 174, 561 P.2d 36 (Ct.App.) *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977); *Rodriguez v. State*, 86 N.M. 535, 525 P.2d 895 (Ct.App.1974). Defendant's state of alertness at the time of the accident is a material fact in determining his negligence. A genuine dispute exists with respect to this fact.

While Mr. Chavez' belief that defendant was asleep may be ill-founded, that is not for us to decide. Neither the trial court nor the appellate court is to weigh the evidence in considering a motion for summary judgment, *C & H Construction & Paving Co.;*

*Johnson v. J.S. & H. Construction Co.*, 81 N.M. 42, 462 P.2d 627 (Ct.App.1969). The trier of facts determines the credibility of a witness and reconciles his inconsistent statements. *Montano v. Saavedra*, 70 N.M. 332, 373 P.2d 824 (1962).

The parties dispute the cause of the accident. It is for the jury to determine whose version is correct.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HERNANDEZ, C. J., concurs.

WOOD, J., dissents.

WOOD, Judge (dissenting).

Defendant made a prima facie showing for a summary judgment in his favor. "The inferences, which the party opposing the motion for summary judgment is entitled to have drawn . . . must be reasonable inferences." *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972).

In his affidavit, Chavez said: "I do think that the reason the truck left the road was because . . . Martinez, fell asleep at the wheel."

In his deposition, Chavez was asked to explain the basis for this thought. He testified that Martinez was "[d]riving normal"; that he did not know what happened; that he did not know what caused the accident; that Martinez "could have" gone to sleep; that he had no idea whether Martinez was awake or asleep; that his deposition testimony was his best recollection of what happened; that "I don't know if he [Martinez] was sleeping"; that there was nothing that Chavez saw or observed that led Chavez to believe that Martinez was falling asleep.

In light of the deposition testimony, Chavez's "thought" in his affidavit is no more than speculation which does not support a reasonable inference. The summary judgment should be affirmed.