691 P.2d 64 (1984)
102 N.M. 63
In the Matter of the PROPOSED REVOCATION OF the FOOD AND DRINK PURVEYOR'S PERMIT FOR HOUSE OF PANCAKES, in Grants, New Mexico.
Peter CHALAMIDAS, Appellant,
v.
ENVIRONMENTAL IMPROVEMENT DIVISION, Appellee.
No. 7532.
Court of Appeals of New Mexico.
October 30, 1984.
*65 Paul J. Kennedy, Albuquerque, for appellant.
Richard L. Young, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION
MINZNER, Judge.
Appellant Chalamidas appeals from the decision of appellee Environmental Improvement Division (EID) revoking his food and drink purveyor's permit, on the grounds that (1) revocation under the facts of this case violated NMSA 1978, Section 25-1-7(C); and (2) the revocation order was based upon evidence that was inadmissible as the fruit of a warrantless administrative search. We reverse on the first issue. Because of our disposition, we do not reach the second issue.
The relevant evidence is undisputed. The record reflects that the food service establishment, which Chalamidas opened in January 1981, received unsatisfactory inspection reports in 1981 and 1982. In both instances, however, follow-up inspections resulted in EID approval. On June 1, 1983, after an inspection which revealed several violations of the governing State of New Mexico Health and Environmental Department, Environmental Improvement Division Food Service Regulations[1] (regulations), EID downgraded the establishment. After a hearing, EID suspended the permit by written order.
*66 Chalamidas requested reinspection on June 13, but the first reinspection revealed a number of violations. EID conducted a second reinspection on June 13 pursuant to Chalamidas's request, and upgraded the establishment to approved status.
In response to a complaint, EID inspected the establishment again on October 13, 1983. Numerous violations were discovered, some of which were repetitions of violations reported on June 1. EID notified Chalamidas by letter of October 14 that a hearing would be held on October 25, 1983, at which time he would be required to show cause why his food and drink purveyor's permit should not be revoked. Following the October 25 hearing, Chalamidas's permit was revoked.
This court will set aside the EID revocation order only if it is found to be (1) arbitrary, capricious, or an abuse of discretion, or (2) otherwise not in accordance with law. NMSA 1978, § 25-1-11(B). While we may not substitute our judgment for that of the administrative decision-maker, we may correct a misapplication of the law. Conwell v. City of Albuquerque, 97 N.M. 136, 637 P.2d 567 (1981). We hold that the revocation of Chalamidas's permit under these circumstances was not in accordance with Section 25-1-7(C).
Section 25-1-7(C) states in pertinent part:
The board shall promulgate regulations for the revocation or suspension of permits for those food service establishments which fail to come into compliance with a provision of the Food Service Sanitation Act or regulation promulgated under it. These regulations would apply only when a violation has been discovered on an initial inspection and found to be uncorrected on a second inspection * * *. [Emphasis added.]
Where words used in the statute are free from ambiguity and doubt, and express plainly, clearly, and distinctly the intent of the legislature, there is no need to construe the statute. McCurry v. City of Farmington, 97 N.M. 728, 643 P.2d 292 (Ct.App. 1982). Absent clear intent to the contrary, statutory words are given their ordinary and usual meaning. Id. Words and phrases ordinarily shall be construed according to the context and approved usage of the language. NMSA 1978, § 12-2-2(A).
The statute, which limits the Board's authority to revoke a permit, establishes a prerequisite for revocation: a violation discovered during an "initial" inspection and found "uncorrected" on a "second" inspection. These statutory words, standing alone, are not ambiguous. However, the relation of "initial" to "second" inspection, under the facts of this case, is ambiguous and requires construction. We hold that the legislature intended to require, prior to revocation, a finding that a violation has continued, uncorrected, on a second, consecutive inspection.
The use of the word "second" ordinarily refers to the next item in a series. Cicchillo v. Ricciotti Garibaldi Mutual & Beneficial Soc. of Scranton, 145 Pa.Super. 508, 21 A.2d 447 (1941). The legislature's use of the word "initial" indicates that, under the statute, an establishment must be guilty of a violation that remains uncorrected on the second, consecutive inspection. Had the legislature intended that a prior, non-consecutive violation constitute the "initial" inspection, it might have authorized revocation upon the discovery of a violation in a "subsequent" or "later" inspection. See Commonwealth v. Ellett, 174 Va. 403, 4 S.E.2d 762 (1939).
The legislature has balanced health and safety concerns and protection of the operator's interests. Emergency suspension is authorized by statute, NMSA 1978, Section 25-1-9, where violations rise to an immediate serious health hazard level. In the absence of an emergency, an operator is entitled by statute to an opportunity to cure a violation prior to revocation.
EID claims that the statute does not preclude revocation under the circumstances of this case. The establishment was guilty of three successive, uncorrected violations *67 preceding suspension of the permit in June. EID argues that its regulations incorporate a prior suspension into the process of revocation, thus satisfying the statute. The regulation provides for revocation as follows:
F. Revocation proceedings will not be undertaken unless an operator's permit has previously been suspended for violations of a similar nature for which the Division now proposes revocation * * *.
Food Service Regulations § 103, at 6-7.
While it is true that Chalamidas was guilty of prior violations, it is also true that Chalamidas corrected these violations by the final June 13 inspection. These violations are irrelevant in light of the statutory requirement under which EID acted. Further, the regulation does not address the issue on appeal, which is when the Board has statutory authority to treat a violation as grounds for revocation.
Administrative bodies are creatures of statute and can act only on those matters which are within the scope of authority delegated to them. Public Service Co. of New Mexico v. New Mexico Environmental Improvement Board, 89 N.M. 223, 549 P.2d 638 (Ct.App. 1976). An agency cannot amend or enlarge its authority through rules and regulations. Id. Nor may an agency, through the device of regulations, modify the statutory provision. Rainbo Baking Co. of El Paso, Texas v. Commissioner of Revenue, 84 N.M. 303, 502 P.2d 406 (Ct.App. 1972).
EID also argues that the regulations provide an operator with greater protection than required under the statute. We acknowledge EID's efforts to provide such protection, but the statute provides a standard against which the regulations must be applied by the agency. Extensions of protection by the agency do not justify departure from the statutory standard.
Finally, EID argues that the interpretation for which appellant contends will make it virtually impossible to revoke a permit under the existing regulations. The revocation in this case was not in accordance with Section 25-1-7(C). If the regulations do not conform to the statute, or if the regulations, if followed, do not permit compliance with the statute, points we do not decide, the regulations provide no basis for revocation.
The record does not reveal a violation within the statutory scheme. The revocation was not in accordance with law. This case is remanded with directions that EID withdraw its revocation order and reinstate Chalamidas's permit.
Unlike the statute involved in New Mexico Bureau of Revenue v. Western Electric Co., 89 N.M. 468, 553 P.2d 1275 (1976), Section 25-1-11(B), which authorized the appeal, says nothing about appellate costs and, therefore, does not prohibit the award of appellate costs. See Addis v. Santa Fe County Valuation Protests Board, 91 N.M. 165, 571 P.2d 822 (Ct.App. 1977). NMSA 1978, Civ.App. Rule 27 (Repl.Pamp. 1984) authorizes an award of costs. Chalamidas shall recover his appellate costs from EID.
IT IS SO ORDERED.
DONNELLY, C.J., and WOOD, J., concur.
NOTES
[1] See Food Service Regulations. We note that the record contains no evidence that these regulations have been filed under the State Rules Act. See NMSA 1978, § 14-4-4, -5.