693 P.2d 594

Ronald REDDING, Plaintiff-Appellee,

v.

CITY OF TRUTH OR CONSEQUENCES,
Defendant-Appellant.

No. 7929.

Court of Appeals of New Mexico.

Dec. 11, 1984.

Paula Z. Hanson, Charles A. Pharris, Keleher & McLeod, P.A., Albuquerque, for defendant-appellant.

Catherine Gordon, John Duhigg, Duhigg & Cronin, Albuquerque, for plaintiff-appellee.

## OPINION

BIVINS, Judge.

Plaintiff sued the City of Truth or Consequences for damages resulting from a cat bite. He claims the same cat that bit him had previously bitten a young child and that defendant's animal control center, after taking the cat into custody following that incident and with knowledge of its vicious propensity, negligently released the cat back into the community by "adopting" it out to a third party. In denying defendant's motion for summary judgment the district court certified the issues for an interlocutory appeal under NMSA 1978, § 39–3–4. We allowed the appeal and now reverse the district court.

The following three issues raised at the summary judgment proceeding form the issues on appeal:

1. Does plaintiff's cause of action fall within any exception to the legislative grant of immunity to governmental entities?

2. Did plaintiff give timely notice as required by the Tort Claims Act, NMSA 1978, § 41–4–16 (Repl.Pamp.1982)?

3. Did defendant owe any duty to plaintiff?

At the hearing on defendant's motion, plaintiff conceded he had no cause of action for strict liability and his claims based on that theory were dismissed with prejudice. Because the first issue is dispositive and requires dismissal of plaintiff's remaining claims, we do not reach the second and third issue.

The parties agree that in order for plaintiff to sue defendant his cause of action must fit within one of the exceptions to the grant of immunity given governmental entities and public employees under the Tort Claims Act, NMSA 1978, § 41–4–4(A) (Repl.Pamp.1982). Because plaintiff relies solely on NMSA 1978, § 41–4–9 (Repl. Pamp.1982), the parties also agree that waiver of immunity, if any, must be found within that section. Of course, it follows that if no waiver can be found, plaintiff's

action must be dismissed. NMSA 1978, § 41–4–17 (Repl.Pamp.1982).

Section 41–4–9 provides:

The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities.

For the purpose of our discussion we assume, but do not decide, that defendant owed plaintiff a duty not to release from its control a vicious animal. The question then is whether the operation of an animal control center by defendant falls within Section 41–4–9.

Defendant argues that Section 41–4–9 is clear and that the activities of an animal control center do not fall, and cannot be reasonably interpreted to fall, within "the operation of any hospital, infirmary, mental institution, clinic, dispensary, medical care home or like facilities." *Id.*

Plaintiff counters with two arguments. While conceding that Section 41–4–9 does not expressly describe the type of activity for which a governmental entity or a public employee may be held liable, he first urges that the list of facilities in the section indicates the kind of activity for which immunity will be waived. From this point plaintiff argues that the Legislature intended to waive immunity for activities of governmental entities whose purpose is to provide for the health of its citizenry. Since the primary purpose of defendant's Animal Control Ordinance is the protection of the health of its citizens, operation of the animal control center necessarily involves an activity for which waiver of immunity applies under Section 41–4–9.

We reject this argument. In *McCurry v. City of Farmington,* 97 N.M. 728, 643 P.2d 292 (Ct.App.1982), we said that, "[i]n interpreting a statute the intent is to be first sought and the meaning of the words used and when they are free from ambiguity and doubt and express plainly, clearly, and distinctly the sense of the legislature, no other means of interpretation should be resorted to." 97 N.M. at 731, 643 P.2d 292 (citation omitted). Section 41–4–9 applies to the operation of facilities which provide medical care directly to people. To adopt plaintiff's argument, we would have to read into the statute language that is not there. This we will not do. *See State v. Nance,* 77 N.M. 39, 419 P.2d 242 (1966), *cert. denied,* 386 U.S. 1039, 87 S.Ct. 1495, 18 L.Ed.2d 605 (1967). To read the statute as plaintiff suggests would lead to the inclusion of numerous governmental activities which have a secondary or incidental affect on public health but which do not involve the operation of any of the facilities enumerated. Such an interpretation is not reasonable.

Second, plaintiff argues that defendant's animal control center is a "like facility" and, therefore, falls within the waiver of immunity under Section 41–4–9. The term "or like facilities" as used in Section 41–4–9 follows a list of facilities starting with "hospital" and ending with "medical care home." Webster's Third New Collegiate Dictionary (1973) defines "like" as used here as "the same or nearly the same." An animal control center is not the same or nearly the same as any of the facilities listed in Section 41–4–9.

Because the activities complained of do not fall within any exception to the governmental immunity granted defendant, plaintiff's complaint must be dismissed. The order denying summary judgment is set aside and the cause remanded for entry of an order dismissing this action with prejudice. Plaintiff shall pay the costs of appeal.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.