743 P.2d 635

**Mary E. ADAMS and Clinton C. Adams, Plaintiffs-Appellants,**

v.

**JAPANESE CAR CARE, et al., Defendants,**

v.

**CITY OF ALBUQUERQUE, Defendant-Appellee.**

**No. 9965.**

Court of Appeals of New Mexico.

Aug. 25, 1987.

Paul A. Phillips, Albuquerque, for plaintiffs-appellants.

Susan L. Snyder, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants Japanese Car Care, et al.

James H. Foley, City Atty., Judy K. Kelley, Asst. City Atty., Albuquerque, for defendant-appellee City of Albuquerque.

**OPINION**

GARCIA, Judge.

Plaintiffs appeal from the trial court's order granting summary judgment in favor of defendant, City of Albuquerque. Two calendar notices were issued, both proposing summary affirmance. Plaintiffs filed timely memoranda in opposition, and the City of Albuquerque filed memoranda in support of our proposed disposition. Not persuaded by plaintiffs' memoranda, we affirm the trial court.

**FACTS**

Plaintiff Mary Adams took her car to the Japanese Car Care for servicing. She parked her vehicle in the Japanese Car Care parking lot. While walking toward the entrance to the office, she tripped over a protruding cover of a sewer clean-out, fell and was injured. Thereafter, she filed suit against various defendants, including the Japanese Car Care and the City of Albuquerque (City), alleging that the sewer clean-out was negligently designed, built, maintained and inspected by defendants.

Relying on deposition testimony, affidavits, plaintiffs' answers to interrogatories and the City's Sewer Use and Waste Water Ordinance, the City moved for summary judgment. SCRA 1986, 1–056. In its motion, the City contended that the accident occurred on property owned and occupied by the Japanese Car Care. The premises where the accident occurred were designed by a private architect and the building was constructed by a private construction com-

pany. The City contended its responsibility was limited to reviewing the construction plans and inspecting the premises during the course of construction for compliance with applicable building codes. The City further contended that pursuant to its ordinance, its responsibility for sewer lines was limited to "public sewers" as opposed to "lateral sewers" for which the owner or occupier of the premises was responsible. Finally, the City contended that it was immune from liability under provisions of the New Mexico Tort Claims Act, NMSA 1978, Section 41–4–1 to –29 (Repl.Pamp.1986). The trial court granted the City's motion for summary judgment and a timely appeal was filed by plaintiffs.

### SUMMARY JUDGMENT

Summary judgment is appropriate when the pleadings and evidence by way of affidavits, depositions, admissions and answers to interrogatories, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to a summary disposition as a matter of law. *Sweenhart v. Co–Con, Inc.,* 95 N.M. 773, 626 P.2d 310 (Ct.App.1981). In considering a motion for summary judgment, the burden rests on the moving party to demonstrate to the court the absence of a genuine issue of fact. *Oschwald v. Christie,* 95 N.M. 251, 620 P.2d 1276 (1980). Once he has made such a prima facie showing, the burden shifts to the party opposing summary judgment to refute it. *Id.* In determining the existence of a material fact, neither the trial court nor the reviewing court is to weigh the evidence. *Metzgar v. Martinez,* 97 N.M. 180, 637 P.2d 1235 (Ct. App.) *rev'd on other grounds,* 97 N.M. 173, 637 P.2d 1228 (1981). The party opposing summary judgment is favored procedurally. *Oschwald v. Christie.* Although favored procedurally, that party cannot stand idly by and rely solely on the allegations contained in its complaint or upon mere argument or contention to defeat the motion if a prima facie showing has been made. *Id.* It is in accordance with these precepts that we review this case.

■ In support of its summary judgment motion, the City presented the deposition testimony of Thomas Hubbard, the owner and manager of the Japanese Car Care. Mr. Hubbard testified that the premises where the accident occurred were designed by architect James Miller, were constructed by Baker Construction Company, and were owned and occupied by the Japanese Car Care. The City also presented a certified copy of the Sewer Use and Waste Water Control Ordinance 8–9–2, which by definition divides the various lines in the sewer system into "public" or "main sewer" lines and "lateral sewer" lines. Pursuant to this ordinance, private individuals are responsible for the "lateral sewers," while the City's responsibility extends to the "public" or "main sewers". The City also presented an affidavit of Michael Weix, a mechanical engineer employed by the City as its mechanical section supervisor in the Code Administration Division of the Planning Department. In his affidavit, Mr. Weix testified that he had visited the premises of the Japanese Car Care and observed the area where the accident occurred. He stated that the sewer clean-out over which plaintiff tripped is part of the "lateral sewer" for which the City has no responsibility. We view this evidence as sufficient to establish a prima facie showing that the City did not design, build or maintain the sewer system.

Plaintiffs failed to file any response in opposition to this motion and, further, failed to file any counter-affidavits to establish the existence of a material issue of fact. Because of this, we proposed to affirm the trial court's grant of summary judgment. In response to our proposed disposition, plaintiffs argued that an issue of fact exists by virtue of the City's failure to show an absence of negligence in its inspection of the sewer clean-out. Accordingly, plaintiffs contended that summary judgment was inappropriate. Even if we were to assume a factual dispute concerning the City's negligence in its inspection, the City can only be held liable to plaintiffs if the Tort Claims Act waives immunity for such conduct.

### WAIVER OF IMMUNITY UNDER THE TORT CLAIMS ACTS

■ Plaintiffs rely on Section 41–4–8 as support for their argument that the City

**378**

has waived immunity in the present case. Pursuant to Section 41-4-8(A), there is a waiver of immunity from "liability for damages resulting from bodily injury * * * caused by the negligence of public employees while acting within the scope of their duties in the *operation* of * * * liquid waste collection or disposal" utilities. (Emphasis added.)

Plaintiffs contend that inspection was part of the "operation" of the sewer system because the service line in the clean-out was necessary to provide service to the Japanese Car Care facility. We respectfully disagree. "In interpreting a statute the intent is to be first sought and the meaning of the words used and when they are free from ambiguity and doubt and express plainly, clearly, and distinctly the sense of the legislature, no other means of interpretation should be resorted to." *McCurry v. City of Farmington,* 97 N.M. 728, 731, 643 P.2d 292, 295 (Ct.App.1982); *Redding v. City of Truth or Consequences,* 102 N.M. 226, 693 P.2d 594 (Ct.App.1984). The term "operation" has been narrowly interpretated in the context of the Tort Claims Act. *Cf. Owens v. Leavitts Freight Serv., Inc.,* N.M., 26 SBB 420 (Ct.App.1987). It is undisputed that the only act performed by the City with regard to the sewer clean-out was its initial inspection. We do not view the inspection of a private sewer clean-out at the time of its initial construction as part of the "operation" of a liquid collection or disposal utility. *See Redding v. City of Truth or Consequences.*

Plaintiffs failed to rebut the City's prima facie showing of its entitlement to summary judgment. Moreover, we determine that the trial court correctly held the City immune from liability under the Tort Claims Act. For the foregoing reasons, we affirm the trial court.

IT IS SO ORDERED.

FRUMAN and APODACA, JJ., concur.