903 P.2d 858

**Perry GARNER, Plaintiff–Appellant,**

v.

**DEPARTMENT OF CORRECTIONS, George Shorter, Ernest Harding, and Arnold Baca, Defendants–Appellees.**

**No. 16351.**

Court of Appeals of New Mexico.

Aug. 23, 1995.

Elizabeth E. Simpson, Tomita & Simpson, P.C., Albuquerque, for Plaintiff–Appellant.

Paul M. Schneider, Legal Bureau/Risk Management Division, Santa Fe, for Defendants–Appellees.

*OPINION*

PICKARD, Judge.

1. Plaintiff, a prisoner working in the Prison Industries paint shop, was using an electric wire brush when a wire broke from the brush and flew into his eye. Plaintiff sued for damages under the Tort Claims Act because Defendants had not provided him with safety glasses or training in the use of the brush. Plaintiff's contention was that NMSA 1978, Section 41–4–6 (Repl. Pamp.1989), waived immunity for negligence in the operation or maintenance of machinery or equipment. Defendants moved for, and the trial court granted, dismissal on the ground that the claim arose out of the supervision of prisoners and therefore did not come within the waiver of immunity. Plaintiff appeals, and we reverse.

2. Defendants' motion to dismiss required the trial court, as it requires us, to test the legal sufficiency of the claim. *Gonzales v. United States Fidelity & Guar. Co.*, 99 N.M. 432, 433, 659 P.2d 318, 319 (Ct.App.1983). Accordingly, we review the law of immunity as it applies to the facts pleaded in the complaint to determine whether immunity is waived by the statute. Section 41–4–6 provides:

> The immunity granted ... does not apply to liability for damages ... caused by the negligence of public employees ... in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

3. Defendants rely on two series of cases—one which terms Section 41–4–6 a

"premises liability" statute, and one which holds Section 41–4–6 inapplicable to claims relating to the administrative functions of the corrections system, such as supervision and classification of prisoners. *See, e.g., Bober v. New Mexico State Fair,* 111 N.M. 644, 653, 808 P.2d 614, 623 (1991) ("Section 41–4–6 may appropriately be termed a 'premises liability' statute"); *Bell v. New Mexico Interstate Stream Comm'n,* 117 N.M. 71, 73, 868 P.2d 1296, 1298 (Ct.App.1993) (Section 41–4–6 requires public employees to exercise reasonable care in "maintaining premises"), *cert. denied,* 117 N.M. 121, 869 P.2d 820 (1994); *Archibeque v. Moya,* 116 N.M. 616, 621, 866 P.2d 344, 349 (1993) (immunity not waived for administrative task affecting single prisoner); *Gallegos v. State,* 107 N.M. 349, 351, 758 P.2d 299, 301 (Ct.App.1987) (immunity not waived for claims involving security, custody, and classification of prisoners), *writ quashed,* 107 N.M. 314, 757 P.2d 370 (1988). However, a review of these cases and others shows that immunity is waived in this case because the "premises liability" statute includes machinery and equipment in its express terms, and the claim in this case is more like the claims in those cases holding that immunity is waived than the claims in *Archibeque* and *Gallegos.*

■ 4. To be sure, the Supreme Court in *Bober* referred to Section 41–4–6 as a "premises liability" statute. 111 N.M. at 653, 808 P.2d at 623. In the same sentence, however, the Court noted that the presence of the words "machinery" and "equipment" had the effect of broadening the statute beyond only premises. Moreover, in *McCurry v. City of Farmington,* 97 N.M. 728, 731, 643 P.2d 292, 295 (Ct.App.1982), we held that firemen using their trucks and equipment in a training exercise came within the waiver for operation of machinery, equipment, and furnishings. Defendants' argument that "premises" are limited to buildings or machinery, equipment, and furnishings "which are permanently affixed to the premises (for example, doors, plumbing and heating systems)" is without merit. It is neither supported by the express wording of the statute nor by recent Supreme Court cases rejecting any narrow interpretation of the statute. *See, e.g., Bober,* 111 N.M. at 653, 808 P.2d at 623 ("We

reject any narrower view.... The broader view ... is the correct view....").

■ 5. Nor is this case controlled by *Archibeque* or *Gallegos.* These cases are distinguishable on their facts. In *Gallegos,* the claim was that Corrections Department employees caused Gallegos's injuries by negligently allowing other prisoners to have access to objects like mop wringers, with which they beat Gallegos. 107 N.M. at 351, 758 P.2d at 301. In *Archibeque,* the claim was that Corrections Department employees caused Archibeque's injuries by negligently releasing him into general population when they should have known that one of his enemies, who eventually assaulted him, was in general population. 116 N.M. at 618, 866 P.2d at 346. In both cases, the Courts perceived the nature of the claims to be ones involving security and classification, and not maintenance or operation of the prison premises or its equipment, machinery, or furnishings.

■ 6. In contrast, in this case, the nature of the claim does not involve security or classification. It involves the safety of equipment or machinery used on the prison premises. Defendants appear to contend that the provision of safety glasses or proper training in the use of the equipment is not a part of "operation or maintenance." Based on analogous cases, we disagree. *See Bober,* 111 N.M. at 648, 653, 808 P.2d at 618, 623 (failure to have safety barriers routing traffic in a particular direction could be negligence in the maintenance or operation of public premises); *Castillo v. County of Santa Fe,* 107 N.M. 204, 206–07, 755 P.2d 48, 50–51 (1988) (failure to prevent dangerous dogs from running lose on premises could be negligence in the maintenance or operation of premises); *Schleft v. Board of Educ.,* 109 N.M. 271, 273, 275, 784 P.2d 1014, 1016, 1018 (Ct.App.) (failure to install a fence or other barrier to dangerous electrical transformer on school grounds or to give warnings could be negligence in the maintenance or operation of premises), *cert. denied,* 109 N.M. 232, 784 P.2d 419 (1989).

7. Nor are we persuaded by Defendants' argument that Section 41–4–6 does not apply because Plaintiff is not a member of the general public for whom the waivers of immunity were intended. *See, e.g., Archibeque,* 116 N.M. at 619, 866 P.2d at 347 ("The purpose of Section 41–4–6 is to ensure the general public's safety. . . ."). We recently rejected a similar suggestion in *Callaway v. New Mexico Dep't of Corrections,* 117 N.M. 637, 642–43, 875 P.2d 393, 398–99 (Ct.App.), *cert. denied,* 118 N.M. 90, 879 P.2d 91 (1994). A prisoner injured in a manner contemplated by the operation of the statute is as much a member of the general public as anyone else. *See id.*

8. *Callaway* also persuasively distinguishes *Archibeque.* *Callaway* presented the situation where gang members terrorized members of the general prison population. 117 N.M. at 642, 875 P.2d at 398. Whereas, in *Archibeque,* the danger was unique to Archibeque and its realization thus a function of Archibeque's classification, in both *Callaway* and this case, there was a generally present danger to members of the prison population at large.

9. Finally, *Callaway* instructs that our Supreme Court has cautioned against a restrictive interpretation of the immunity waivers of the Tort Claims Act. 117 N.M. at 642, 875 P.2d at 398. Thus, our interpretation to allow the claim to proceed in this case is consistent with the recent, applicable precedents of the Supreme Court. *See id.* at 643, 875 P.2d at 399.

10. The order dismissing the complaint is reversed.

**IT IS SO ORDERED.**

APODACA, C.J., and BLACK, J., concur.