2003-NMCA-019

62 P.3d 305

**Presciliano ROMERO, Plaintiff–Appellant,**

v.

**VALENCIA COUNTY, Defendant–Appellee.**

**No. 22,513.**

Court of Appeals of New Mexico.

Sept. 24, 2002.

Victoria L. Williams, Alexander Wold & Associates, P.C., Albuquerque, NM, for Appellant.

Sean Olivas, Melanie Frassanito, Keleher & McLeod, P.A., Albuquerque, NM, for Appellee.

*OPINION*

BOSSON, Chief Judge.

{1} Plaintiff was injured when he fell off an elevated platform while unloading trash at a waste transfer facility operated by Defendant Valencia County ("the County"). Among other claims, his complaint alleged a design defect. The County moved to dismiss this claim, arguing that it was immune under the Tort Claims Act, NMSA 1978, §§ 41–4–1 to –29 (1976, as amended through 2001). The court granted the motion. We granted Plaintiff's application for an interlocutory appeal. We hold that under our decision in *Williams v. Cent. Consol. Sch. Dist.*, 1998–NMCA–006, ¶¶ 8–17, 124 N.M. 488, 952 P.2d 978, the County is not immune for an alleged design defect at its waste transfer facility. We reverse.

**DISCUSSION**

{2} We accept as true the allegations in Plaintiff's complaint. *See Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 760, 750 P.2d 118, 121 (1988) (stating that in reviewing a motion to dismiss for failure to state a claim on which relief can be granted, we accept as true all allegations in the complaint). According to Plaintiff, the public is instructed to drive to the edge of a platform and dump their trash into a trash gondola 14 to 16 feet below. At the edge of the platform is a retaining wall about 18 inches high. There are no other protective devices. Plaintiff alleged that while unloading trash, he lost his balance and fell off the platform. He fell approximately 20 feet and landed on the ground beside the trash gondola, broke both legs, and sustained other injuries.

**A. Standard of Review**

{3} A motion to dismiss for failure to state a claim is properly granted only when the plaintiff is not entitled to relief under any state of facts provable under the claim. *Cypress Gardens, Ltd. v. Platt*, 1998–NMCA–007, ¶ 6, 124 N.M. 472, 952 P.2d 467. Whether the County is immune under the Tort Claims Act is a question of law we review de novo. *See Godwin v. Mem'l Med. Ctr.*, 2001–NMCA–033, ¶ 23, 130 N.M. 434, 25 P.3d 273.

**B. Immunity**

{4} A governmental entity is immune from tort liability except as provided by the Act. *See* § 41–4–4. Plaintiff argues that immunity has been waived under Sections 41–4–6 and 41–4–8. Section 41–4–6 reads:

The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings. Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water.

{5} In *Williams*, 1998–NMCA–006, ¶ 9, 124 N.M. 488, 952 P.2d 978, we held that Section 41–4–6 waived immunity for negligence by permitting an unsafe condition root-

ed in a design defect. We noted that, unlike Section 41–4–11(B), Section 41–4–6 contains no exception for "defects originating in design," although the legislature knew how to fashion such an exception. *Id.* We recognized that our Supreme Court has embraced a broad view of "operation or maintenance," to encourage the State "to exercise reasonable care to prevent or correct dangerous conditions on public property." *Id.* ¶ 10. We rejected the claim that there was any significant distinction between a dangerous condition caused by the operation or maintenance of a building, and a dangerous condition originating in a defect in design. *Id.* ¶¶ 8–17. Plaintiff argues that, consistent with *Williams,* the transfer station platform falls within Section 41–4–6's broad definition of "any building, . . . machinery, equipment or furnishings."

{6} The County seeks to avoid this result arguing that Section 41–4–6 is inapplicable. It argues that the more specific section is Section 41–4–8, which waives immunity for the negligence of public employees "in the operation of the following public utilities and services: gas; electricity; water; solid or liquid waste collection or disposal; heating; and ground transportation."

{7} Building on its premise that Section 41–4–8 is the more specific statute, the County argues that Section 41–4–8 grants immunity for design defects. The County argues that Section 41–4–8 is more narrow than Section 41–4–6 because Section 41–4–6 waives immunity for "operation or maintenance," while Section 41–4–8 waives immunity only for "operation." The County relies on this difference to argue that we should not extend our holding in *Williams* to Section 41–4–8. Because Section 41–4–8 does not waive immunity for negligent "maintenance," the County argues that the legislature intended to make counties immune for "design defects" involving any utility listed in that section.

{8} The County is correct that the more specific section of the Act governs. *See Bybee v. City of Albuquerque,* 120 N.M. 17, 18–21, 896 P.2d 1164, 1165–68 (1995) (determining which section of the Act was more specific in *Bybee* ). It is also true, however,

that a statute is read in its entirety and each part is construed with every other part to achieve a harmonious whole, if possible. *State ex rel. Klineline v. Blackhurst,* 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988). When interpreting a statute, our goal is to determine legislative intent. *See Key v. Chrysler Motors Corp.,* 121 N.M. 764, 768, 918 P.2d 350, 354 (1996).

{9} We are not persuaded that Section 41–4–8 is the more specific section here. Granted, it waives immunity for the "operation" of "solid or liquid waste collection or disposal," but Section 41–4–6 is equally or more applicable because it deals with the "operation or maintenance of any building, . . . machinery, equipment or furnishings." The two sections are not in conflict and can easily be harmonized.

{10} Section 41–4–6 covers injuries occurring on public premises, resulting from negligent operation or maintenance of buildings, machinery, equipment or furnishings, even if the premises are part of the utilities listed in Section 41–4–8. Section 41–4–8 covers other aspects of the operation of the utilities listed in that section; aspects other than negligent maintenance of "any building, . . . machinery, equipment or furnishings" that are part of the utility. *See, e.g., Holiday Mgmt. Co. v. City of Santa Fe,* 94 N.M. 368, 368–70, 610 P.2d 1197, 1197–99 (1980) (discussing liability under Section 41–4–8 for negligent operation of a sewer line connecting to private property). Harmonizing the two sections in this way explains why it was unnecessary for Section 41–4–8 to mention "maintenance."

{11} Turning to the factual allegations in the complaint, we are satisfied that they state a claim upon which relief may be granted. The complaint alleges injury caused by the negligence of public employees in the operation or maintenance of public property. The "operation or maintenance" aspect of Section 41–4–6 includes negligence in failing to correct a dangerous condition created when the property was constructed or created from a design defect. As alleged in the complaint, the transfer station platform comes within the "buildings, . . . machinery, equipment or furnishings" aspect of Section

41–4–6. Thus, the action may proceed under Section 41–4–6 because, under the logical and reasonable reach of *Williams,* the County is not immune from suit.

## CONCLUSION

{12} We reverse the order dismissing Plaintiff's claims and remand for further proceedings.

{13} **IT IS SO ORDERED.**

WE CONCUR: JONATHAN B. SUTIN and IRA ROBINSON, Judges.