This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRUCE E. THOMPSON,**
**as Personal Representative of the**
**Wrongful Death Estate of**
**RICHARD BROWN,**

     Plaintiff-Appellant,

v.                            **NO. 30,537**

**TORRANCE COUNTY BOARD OF**
**COMMISSIONERS, SHERIFF CLARENCE**
**GIBSON, DOROTHY GIBSON, JEANINE ARNOLD,**
**MICHAEL STACK, JAMES LEDBETTER,**
**and DEPUTY JOHN DOE, individually and as**
**Torrance County Sheriffs officers and employees, and**
**THE STATE OF NEW MEXICO, NEW MEXICO**
**STATE POLICE, a division of the NEW MEXICO**
**DEPARTMENT OF PUBLIC SAFETY,**
**FARON SEGOTTA, CHIEF OF POLICE, SHARON DOE**
**DISPATCHER, and OFFICER CHRIS COLEY,**
**individually and as New Mexico State Police Officers**
**and employees,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Kevin R. Sweazea, District Judge**

Gaddy Jaramillo Lawyers
David J. Jaramillo

Maria E. Touchet
Albuquerque, NM

Rachel E. Higgins
Albuquerque, NM

for Appellants

Wallin & Briones Law Firm, LLC
Dennis K. Wallin
Brandon Huss
Albuquerque, NM

for Appellees Torrance County Board of Commissioners,
Sheriff Clarence Gibson, Dorothy Gibson,
Michael Stack, James Ledbetter, and
Deputy John Doe, individually and as Torrance
County Sheriff's officers and employees

Beall & Biehler
Mary T. Torres
Albuquerque, NM

for Appellee Jeanine Arnold

Brennan & Sullivan, P.A.
Christina L.G. Brennan
James P. Sullivan
Santa Fe, NM

for Appellees State of New Mexico, New Mexico
State Police, New Mexico Department of
Public Safety, Faron Segotta, Sharon Doe,
Officer Chris Coley

**MEMORANDUM OPINION**

**GARCIA, Judge.**

As personal representative of the estate of Richard Brown, Bruce E. Thompson (Plaintiff) appeals the district court's order dismissing Counts I, II, IV, and VI of his complaint as a matter of law. Plaintiff presents three arguments on appeal: (1) the 911 dispatchers are subject to a waiver of immunity for law enforcement officers, or, alternatively, the district court erred in not allowing Plaintiff to conduct additional discovery regarding factual issues related to the waiver; (2) the 911 dispatchers are subject to a waiver of immunity because their actions involve the operation of machinery or equipment; and (3) the Enhanced 911 Act, NMSA 1978, Section 63-9D-10 (2005), indicates that the Legislature did not intend to provide tort immunity based upon the use of non-enhanced 911 systems. We reverse the district court's dismissal of Counts I, II, IV, and VI, and we remand for further proceedings consistent with this Opinion.

**BACKGROUND**

We take all facts properly pled in the complaint as true. This lawsuit arose from the death of Richard Brown (Decedent), who was fifteen months old at the time of his death. In pertinent part, Plaintiff's complaint alleged the following facts. Decedent's mother was driving with Decedent in the vehicle when she "experienced a psychotic

break." Decedent's mother took off her clothing and the clothing of Decedent, abandoned the vehicle, and began walking with Decedent along the highway. A passing motorist placed a 911 call during this period, describing the location of Decedent and his mother as being approximately four miles north of Encino, New Mexico. A Torrance County dispatcher contacted a New Mexico State Police (NMSP) dispatcher and erroneously described the location of Decedent and his mother as being approximately four miles north of Vaughn, New Mexico. An officer was dispatched to the erroneous location. Mother eventually turned up, but had abandoned Decedent, who subsequently died as a result of exposure to the elements.

Count I of Plaintiff's complaint alleged the negligence of the Torrance County dispatch operators, Defendants Jeanine Arnold, Michael Stack, and James Ledbetter (collectively, the County Dispatchers), in failing to convey accurate information and failing to take any subsequent action regarding Decedent's welfare. Count II alleged that Defendant Sheriff Gibson (Gibson) was negligent in his policies, training, and supervision of the County Dispatchers. Count III alleged that Gibson and Deputy John Doe were negligent in failing to timely commence a missing person search for Decedent. Count IV alleged the negligence of the NMSP dispatch operator, Defendant Sharon Doe (the NMSP Dispatcher), in failing to convey accurate information and failing to verify the accuracy of the reported location. Count V

4

alleged the negligence of Defendant Chris Coley in his response to the dispatch. Count VI alleged that the New Mexico Department of Public Safety (NMDPS) and Defendant Faron Segotta (Segotta) were negligent in failing to implement adequate policies and failing to properly screen, hire, train, monitor, supervise, and/or discipline NMSP employees, including the NMSP Dispatcher. Plaintiff further alleged that the negligence of Gibson, the County Dispatchers, and the NMSP Dispatcher occurred while they were acting in the scope of their duties as law enforcement officers and/or public employees, as defined in the New Mexico Tort Claims Act, NMSA 1978, Section 41-4-3(D), (F)(2) (2009).

Defendants filed a motion to dismiss Counts I and II of Plaintiff's complaint pursuant to Rule 1-012(B)(6) and (C) NMRA. At the hearing on the motion to dismiss, Defendants clarified that the motion to dismiss did not deal with the counts involving the NMSP or other Defendants, but only the Torrance County Defendants in Counts I and II. The district court entered an order dismissing Counts I and II involving Torrance County Defendants, as well as Counts IV and VI involving Segotta and the NMSP. Although the record is unclear regarding why the district court included Counts IV and VI in the order of dismissal, Plaintiff indicates that Counts IV and VI were "included in the form of order" to allow the waiver of immunity issue for the 911 dispatchers to be decided together. Plaintiff subsequently

filed this interlocutory appeal.

**DISCUSSION**

**Preliminary Matter Regarding Attachments to Briefs**

Initially, we note that this Court did not consider Defendants' attachments to the answer brief on appeal. Rule 12-213(F)(4) NMRA explicitly prohibits attachments to appellate briefs because this Court will not consider documents that are not part of the record on appeal. *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584.

**Standard of Review**

The district court dismissed Counts I, II, IV, and VI of Plaintiff's complaint pursuant to Rule 1-012(B)(6) for failure to state a claim for which relief could be granted. We review the district court's ruling de novo to determine whether Plaintiff could "obtain relief under any state of facts provable under the claim." *N.M. Pub. Schs. Ins. Auth. v. Arthur J. Gallagher & Co.*, 2008-NMSC-067, ¶ 11, 145 N.M. 316, 198 P.3d 342 (internal quotation marks and citation omitted). "[W]e take the well-pleaded facts alleged in the complaint as true and test the legal sufficiency of the claims." *Hunnicutt v. Sewell*, 2009-NMCA-121, ¶ 8, 147 N.M. 272, 219 P.3d 529 (internal quotation marks and citation omitted). Finally, we construe the complaint in the light most favorable to Plaintiff, resolving all doubts in favor of the sufficiency

of the complaint. *Young v. Van Duyne*, 2004-NMCA-074, ¶ 13, 135 N.M. 695, 92 P.3d 1269.

**Waiver of Immunity for Law Enforcement Officers**

Plaintiff argues that the district court erred in dismissing Counts I and IV of the complaint because the County Dispatchers and the NMSP Dispatcher are subject to the waiver of immunity for law enforcement officers as a matter of law under NMSA 1978, Section 41-4-12 (1977). In the alternative, Plaintiff contends that the district court erred by not allowing Plaintiff to conduct additional discovery regarding the duties of the County and NMSP Dispatchers and other factual issues relevant to whether dispatchers are law enforcement officers as defined by Section 41-4-3(D).

Plaintiff's complaint alleged that the negligence of both the County Dispatchers and the NMSP Dispatcher occurred while they were acting in the scope of their duties as law enforcement officers, as defined in Section 41-4-3(D), (F)(2). In dismissing Count I of Plaintiff's complaint against the County Dispatchers, the district court determined that the issue of whether dispatchers are law enforcement officers under Section 41-4-3(D) is a question of law that is appropriate for resolution in a motion to dismiss. The court clarified that it did not consider affidavits submitted by Defendants, including one affidavit regarding the duties of the dispatchers. The court ultimately determined that the County Dispatchers were not law enforcement officers

7

as a matter of law and dismissed Count I of Plaintiff's complaint. On these same grounds, the district court dismissed Count IV of Plaintiff's complaint against the NMSP Dispatcher.

In pertinent part, Section 41-4-12 waives immunity for wrongful death resulting from the "deprivation of any rights, privileges[,] or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." Section 41-4-3(D) defines a "law enforcement officer" as follows:

> [A] full-time salaried public employee of a governmental entity, or a
> certified part-time salaried police officer employed by a governmental
> entity, whose principal duties under law are to hold in custody any
> person accused of a criminal offense, to maintain public order or to make
> arrests for crimes, or members of the national guard when called to
> active duty by the governor[.]

Plaintiff argues that the County Dispatchers and the NMSP Dispatcher are law enforcement officers because they maintain public order.

Whether a person is a law enforcement officer as contemplated by Section 41-4-3(D) involves a mixed question of fact and law. *See Limacher v. Spivey*, 2008-NMCA-163, ¶ 9, 145 N.M. 344, 198 P.3d 370 (reasoning that whether a person is a "law enforcement officer" as defined by Section 41-4-3(D) involves a question of material fact) (internal quotation marks omitted); *see also Baptiste v. City of Las Cruces*, 115 N.M. 178, 181, 848 P.2d 1105, 1108 (Ct. App. 1993) (recognizing that

whether a person is a "law enforcement officer" involves questions of fact regarding the person's duties as well as legal questions regarding whether those duties fall within the statutory definition of a law enforcement officer). In order for a governmental employee to fall within the law enforcement exception, his or her principal duties must be encompassed under one of the enumerated duties listed in Section 41-4-3(D). *Limacher*, 2008-NMCA-163, ¶ 9. Furthermore, the district court should consider various factual and legal questions, including the following: (1) whether a majority of the governmental employee's time is devoted to maintaining public order; (2) insofar as the duties of the governmental employee involve maintaining public order, whether those duties are traditionally performed by law enforcement officers; and (3) if the duty is not a traditional duty of law enforcement officers, whether it comes within the meaning of "maintaining public order" pursuant to Section 41-4-3(D). *See Baptiste*,115 N.M. at 181, 848 P.2d at 1108. (internal quotation marks omitted).

We hold that the district court erred in concluding that whether the County Dispatchers and the NMSP Dispatcher are law enforcement officers pursuant to Section 41-4-3(D) is purely a matter of law that was appropriate for resolution in a Rule 1-012(B)(6) motion to dismiss. As a result, we reverse the district court's dismissal of Counts I and IV of Plaintiff's complaint and remand to the district court

for further proceedings consistent with this Opinion. As in *Baptiste*, however, we note that our reversal does not foreclose the district court from granting summary judgment on this issue after the parties submit additional evidence to the court. 115 N.M. at 181, 848 P.2d at 1108.

**Waiver of Immunity Based Upon the Operation of Machinery or Equipment**

Plaintiff argues that the district court erred in dismissing Counts II and VI pursuant to Rule 1-012(B)(6) because a waiver of immunity occurred under NMSA 1978, Section 41-4-6(A) (2007), based upon the negligent operation of machinery or equipment by the County Dispatchers and the NMSP Dispatcher.

Plaintiff alleged the following facts related to the negligent operation of machinery or equipment and negligent training and supervision in the operation of that equipment. The County Dispatchers communicated erroneous information regarding Decedent's location to the NMSP Dispatcher by utilizing the 911 telephone/dispatcher equipment. Calls received by the County Dispatchers, including the 911 call at issue, are recorded and are immediately available for playback by the County Dispatchers. The County Dispatchers and the NMSP Dispatcher failed to utilize the 911 telephone/dispatcher equipment to review and verify the accuracy of Decedent's location. The County Dispatchers and the NMSP Dispatcher breached their duties as public employees to exercise reasonable care when serving as dispatchers, including

the duty to convey accurate information regarding Decedent's location. The conduct of the Torrance County Dispatchers and the NMSP Dispatcher "resulted in wrongful death caused by the actions of public employees while acting in the scope of their duties in the operation or maintenance of a building, machinery[,] and/or equipment." Finally, the failure of the Torrance County Dispatchers and the NMSP Dispatcher to play back the 911 call or to take other actions to verify the accuracy of the call and to ensure the welfare of Decedent were the result of inadequate policies, training, and supervision.

The district court clarified that the basis of Plaintiff's claim in Count II regarding Gibson's negligence in supervision and training was that Torrance County was negligent in the operation of the 911 phone/dispatch equipment and, as a result, a waiver of immunity occurred under Section 41-4-6(A). Ultimately, the court concluded that Plaintiff failed to allege that the phone used in answering and responding to the 911 call caused injury based upon its improper operation. The court reasoned that the use of the phone was incidental to the alleged communication of erroneous information and that the alleged negligence was not based upon the use of the phone, but the communication of erroneous information. As a result, the court granted the motion to dismiss Count II pursuant to Rule 1-012(B)(6). The court dismissed Count VI against NMDPS and Segotta on these same grounds.

11

In pertinent part, Section 41-4-6(A) states that the immunity provided in NMSA 1978, Section 41-4-4 (2001), "does not apply to liability for damages resulting from . . . wrongful death . . . caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any . . . machinery [or] equipment[.]" The meaning of "operation or maintenance" is broadly interpreted "to encourage the [s]tate . . . to prevent or correct dangerous conditions on public property." *Romero v. Valencia County*, 2003-NMCA-019, ¶ 5, 133 N.M. 214, 62 P.3d 305 (internal quotation marks and citation omitted).

In *Romero*, this Court reversed the district court's order of dismissal for failure to state a claim where the complaint alleged injury caused by the negligence of public employees in the operation or maintenance of a waste facility platform and that the platform fell within the definition of buildings, machinery, equipment, or furnishings under Section 41-4-6(A). *See Romero*, 2003-NMCA-019, ¶¶ 11-12. This Court has also recognized that a defendant's failure to provide equipment or proper training in the use of equipment may be considered "operation and maintenance" as contemplated by Section 41-4-6(A). *See Garner v. Dep't of Corr.*, 120 N.M. 547, 548-49, 903 P.2d 858, 859-60 (Ct. App. 1995) (reversing dismissal of the complaint under Rule 1-012(B)(6) and concluding that the defendant's failure to provide safety glasses or proper training in the use of equipment may be considered a part of operation and

12

maintenance under Section 41-4-6(A)).

Relying upon *Romero* and *Garner*, we conclude that Plaintiff's complaint stated a claim that a waiver of immunity occurred under Section 41-4-6(A). Similarly, to *Romero*, Plaintiff alleged wrongful death caused by the negligence of public employees in the operation or maintenance of 911 telephone/dispatcher equipment and that the equipment fell within the definition of buildings, machinery, or equipment under Section 41-4-6(A). *See Romero*, 2003-NMCA-019, ¶¶ 11-12. Furthermore, similar to *Garner*, Plaintiff alleged that the negligence of the Torrance County Dispatchers and the NMSP Dispatcher in failing to properly utilize the 911 telephone/dispatcher equipment to play back the 911 call and to verify the accuracy of Decedent's location resulted from inadequate policies, training, and supervision. 120 N.M. at 549, 903 P.2d at 860. In construing the complaint in the light most favorable to Plaintiff and resolving all doubts in favor of the complaint's sufficiency, we conclude that the district court erred in dismissing Counts II and VI for a failure to state a claim regarding a waiver of immunity under Section 41-4-6(A). *See Young*, 2004-NMCA-074, ¶ 13.

Our reversal does not, however, preclude the district court from considering whether a waiver of immunity occurred under Section 41-4-6(A) on summary judgment. *See McCurry v. City of Farmington*, 97 N.M. 728, 731, 643 P.2d 292, 295

13

(Ct. App 1982) (concluding that utilizing fire trucks and other equipment to ignite and put out fires during a training exercise fell within the meaning of operation and maintenance of machinery, equipment, or furnishings under Section 41-4-6 and reversing the district court's award of summary judgment to the defendants); *but see Gallegos v. State,* 107 N.M. 349, 351, 758 P.2d 299, 301 (Ct. App. 1987) (concluding that using a mop wringer as a weapon did not provide a waiver of immunity under Section 41-4-6 based upon the failure to allege that a defect in the equipment caused the injury and expressing concern that extending liability on those facts "would open the door to liability for virtually all claims involving buildings, equipment, machinery[,] or furnishings"). In this appeal, we simply hold that the district court erred in granting Defendants' motion to dismiss for failure to state a claim upon which relief could be granted. Accordingly, we reverse the district court's dismissal of Counts II and VI under Rule 1-012(B)(6).

**Enhanced 911 Act**

Finally, Plaintiff argues that Section 63-9D-10 of the Enhanced 911 Act confirms that the present, non-enhanced 911 systems were not intended to be immune from suit.

We conclude that Plaintiff failed to preserve the Enhanced 911 Act issue, and we decline to consider it on appeal. "To preserve an issue for review on appeal, it

must appear that the appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Lopez v. Las Cruces Police Dep't,* 2006-NMCA-074, ¶ 6, 139 N.M. 730, 137 P.3d 670 (alteration omitted) (internal quotation marks and citation omitted). "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue,* 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Here, Plaintiff fails to cite to the record to show how the Enhanced 911 Act issue was preserved below or to provide any argument that preservation was not required, and we similarly were unable to locate any preservation of the issue in the record. As a result, we decline to address Plaintiff's argument regarding the Enhanced 911 Act on appeal.

Similarly, we do not address Defendants' Enhanced 911 Act argument under the right for any reason doctrine. Even if an issue was not preserved below, "our appellate courts will affirm a district court's decision if it is right for any reason, so long as the circumstances do not make it unfair to the appellant to affirm." *Cordova v. World Fin. Corp. of N.M.,* 2009-NMSC-021, ¶ 18, 146 N.M. 256, 208 P.3d 901; *see Meiboom v. Watson,* 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 (reasoning that when applying a right for any reason doctrine, appellate courts will not

15

assume the district court's role and delve into fact-dependent inquiries). Neither party raised factual allegations below regarding whether Torrance County and the NMSP had enhanced 911 systems. Furthermore, on appeal, the parties dispute the critical factual issue regarding whether Torrance County had an enhanced 911 system at the time of the incident. As a result, we conclude that it would be unfair to Plaintiff for this Court to address Defendants' new arguments regarding the Enhanced 911 Act for the first time on appeal.

**CONCLUSION**

For the foregoing reasons, we reverse the district court's dismissal of Counts I, II, IV, and VI of Plaintiff's complaint, and we remand for further proceedings consistent with this Opinion.

**IT IS SO ORDERED.**

                               _____
                               **TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**



_____

**RODERICK T. KENNEDY, Judge**